IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

**TAMIKA WILSON,**

    Plaintiff,

vs.

**LEAR SEATING CORPORATION,**

    Defendant.

Civil Action no.:  2:14-cv-374

**JURY TRIAL DEMANDED**

**COMPLAINT**

Plaintiff, Tamika Wilson ("Plaintiff" or "Wilson"), by and through her attorney, Marissa McDermott of McDermott Law Office, states for her complaint against Lear Seating Corporation ("Defendant" or "Lear"), as follows:

NATURE OF ACTION

1.     This is an action for damages and injunctive relief caused by, *inter alia*, Defendant's violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

JURISDICTION AND VENUE

2.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §2617.

3.     The unlawful employment practices described herein were committed within the State of Indiana, in the place of Plaintiff's employment, 1401 165th Street, Hammond, Lake County, Indiana. Accordingly, venue in the Northern District of Indiana is proper pursuant to 28 U.S.C. §1391(b).

3.     On or around June 5, 2013, Plaintiff timely filed a charge of retaliation with the Equal Employment Opportunity Commission ("EEOC") under EEOC case number 24E-2013-00137.

4.     On July 18, 2014, the EEOC mailed its Notice of Right to Sue, and Wilson received the same on July 20, 2014, which is fewer than ninety days from the date of the filing of this Complaint, making this filing timely.

PARTIES

5.    Plaintiff, Tamika Wilson, is a United States citizen and resident of Lake County, Indiana and was employed by Defendant from August 10, 2000 until her termination September 30, 2013.

6.    Wilson was an "covered employee" as defined by Title VII; and Defendant was an "employer" under Title VII.

7.    Defendant Lear is a manufacturer of automobile seats.

8.    Lear is a for-profit foreign corporation headquartered out of 21557 Telegraph Road, Southfield, Michigan, 48034.

9.    At all times relevant to this action, Lear has had at least fifteen employees.

10.   At all times relevant to this action, Wilson was employed by Defendant.

11.   Lear's Indiana registered agent is CT Corporation System.

12.   Defendant's registered agent address on file with the Indiana Secretary of State is 36 South Pennsylvania Street, Suite 700, Indianapolis, Indiana 46204.

13.   Robert Rossiter is President of Lear.

ALLEGATIONS GIVING RISE TO CAUSES OF ACTION

14.   Wilson was hired by Lear in 2000 and worked for them as a full-time employee.

15.   Throughout her employment, Wilson was an exemplary employee, with no significant disciplinary history until the last eight months of her employment.

16.   In January, 2012, Plaintiff filed a complaint of sexual harassment by a co-worker and as a result, Lear fired that co-worker.

17.   Following the firing of Plaintiff's co-worker, Plaintiff was subjected to severe and pervasive harassment and retaliatory conduct by her co-workers and supervisor.  That conduct included:

    (a)    being subjected to lewd gestures by male co-workers;

    (b)    having things like bolts being thrown at her by co-workers; and

(c) being targeted by her supervisor for unwarranted and trumped-up discipline that included several suspensions.

18. In June, 2013 Wilson filed a charge with the EEOC alleging sex discrimination and retaliation; that charge was assigned number 24E-2013-00137.

19. Three months after Plaintiff filed her retaliation/sex discrimination EEOC charge, Lear suspended Plaintiff for "performance", alleging that she had improperly manufactured some seats on her line.

20. Lear then fired Plaintiff after she refused a "last change agreement" that offered no back pay and required her to give up her right to any recourse under the pending EEOC charge. The termination date was October 28, 2013.

21. Following her termination of employment, Wilson filed a second EEOC charge, alleging retaliation and assigned case number 470-2014-00603.

22. Wilson was told that the termination was due to her performance issues.

23. This reason offered by Defendant is mere pretext.

24. The actual reason for Lear's firing of Wilson is retaliation for her filing the June, 2013 EEOC charge of discrimination and retaliation.

25. Defendant took insufficient action to address Plaintiff's complaints regarding her retaliatory treatment at the hands of her co-workers and supervisor.

26. Adding insult to injury, Defendant chose to fight the award of Plaintiff's earned unemployment benefits by testifying against Plaintiff in a hearing on February 7, 2014, which was also in retaliation for Wilson filing EEOC charges.

27. Lear had no legitimate, non-retaliatory reason for firing Wilson or fighting her unemployment case.

28. After over thirteen years of loyal service, Wilson lost her job and benefits, making it very difficult for her to support her family.

29. Defendant's actions described herein constitute willful violations of law.

COUNT I - TITLE VII RETALIATION

30. Plaintiff incorporates paragraphs 1 through 29, as if fully incorporated herein.

31. The matters set forth in this Count arise from Defendant's violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

38. Plaintiff engaged in a protected activity, to wit: she made initial sexual harassment complaints about her co-worker, and also filed EEOC charges alleging sex discrimination and retaliation.

39. Defendant took adverse employment action against Plaintiff, namely: Defendant ignored her complaints about severe and pervasive harassment by co-workers; Defendant targeted her, through its supervisor, for unwarranted and trumped-up discipline, including suspensions; it attempted to lure her into dropping her case by offering reinstatement with no back pay and with the threat of immediate termination upon any future infraction; and ultimately, it fired her, after which it fought her earned unemployment benefits.

40. These adverse employment actions would reasonably dissuade another person from exercising their rights under Title VII and were in retaliation for Plaintiff's internal complaints and EEOC charges.

41. Defendant's actions were done intentionally, willfully, and with reckless disregard for the law and Title VII's prohibition on retaliation.

42. Plaintiff is entitled to damages for said interference with her Title VII rights and retaliation for her assertion of the same.

WHEREFORE, Plaintiff respectfully requests that this Court find in her favor and against the Defendant, and enter an order as follows:

A. Declaring that the acts and practices by Defendant as described herein constitute a violation of Title VII;

B. Enjoining and permanently restraining these violations of Title VII;

C. Finding in Plaintiff's favor on each count and against the Defendant, and awarding Plaintiff back wages and lost benefits due to Defendant' violations of the Title VII, as well as damages to compensate for her humiliation, embarrassment, inconvenience, and other emotional damages;

D.  Awarding Plaintiff reasonable front pay;

E.  Awarding reasonable attorneys' fees and costs incurred by Plaintiff connection with this action;

F.  Awarding punitive damages for the claims of retaliation and willfulness; and

G.  Awarding Plaintiff pre-judgment and post-judgment interest, and such further and additional relief, including equitable damages, as the Court may deem just and proper.

/s/ *Marissa McDermott*
Marissa McDermott
MCDERMOTT LAW OFFICE
9013 Indianapolis Boulevard
Highland, Indiana 46322
Tel. 219-838-9200
Fax 219-972-7110
Attorney for Plaintiff

JURY TRIAL DEMAND

Plaintiff hereby requests a jury on all issues so triable.

/s/ *Marissa McDermott*
Marissa McDermott
MCDERMOTT LAW OFFICE
9013 Indianapolis Boulevard
Highland, Indiana 46322
Tel. 219-838-9200
Fax 219-972-7110
Attorney for Plaintiff